## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WESLEY FENNEL, JR.,

          Plaintiff, pro se,

    v.

**PHILLIPS & COHEN
ASSOCIATES, LTD., et al.,**

          Defendants.

Civil No. 24-0689 PJM

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Wesley Fennell, Jr., proceeding pro se, has sued Defendants Phillips & Cohen Associates, a debt collector; and The Corporation Trust Company, a company that accepts service in Delaware for PCA. Fennell alleges that Defendants have violated the Fair Debt Collection Practices Act. *See* Compl., ECF No. 3. Defendant PCA has moved to dismiss Fennell's complaint, ECF No. 6; Fennell has responded, ECF No. 12; and PCA has replied, ECF No. 13. No hearing is necessary. For the following reasons, the Court will **DISMISS WITH PREJUDICE** all claims against CT Company and **DISMISS WITHOUT PREJUDICE** all claims against PCA. Plaintiff **SHALL HAVE** 30 days to amend his complaint to attempt to allege facts stating cognizable causes of action.

## II. BACKGROUND

Around October 30, 2023, Fennell received a notice[1] dated October 20, 2023, regarding a $5,369.79 debt that he allegedly owed PCA Acquisitions V LLC.[2] Pl.'s Resp. in Opp'n, Ex. A ("Notice"), ECF No. 12-2. Fennell wrote "Refusal for Cause" across the Notice and sent it back to PCA by certified mail with return receipt. *See* Pl.'s Mem. in Supp. of Resp. in Opp'n ("Pl.'s Opp'n") 2, ECF No. 12-1. In the same mailing, he included a letter to PCA, demanding that it validate and verify the alleged debt. *See id.*; Pl.'s Resp. in Opp'n, Ex. B, ECF No. 12-3.

On November 7, Fennell received confirmation of delivery of his mailing to PCA. Pl.'s Opp'n 2. PCA did not respond. *Id.* So, 10 days later, Fennell sent PCA a "Notice of Fault and Opportunity to Cure," again by certified mail. *Id.* On November 30, Fennell confirmed PCA's receipt of the "Notice of Fault and Opportunity to Cure" using the mailing's tracking number. *Id.* PCA again did not respond (nor has it since). *See id.* PCA has, however, ceased its attempt to collect the alleged debt. *See id.*

In January 2024, Fennell sent PCA a "Notice of Default and Final Statement." *Id.* A few days later, on February 1, 2024, Fennell sued PCA and CT Company in the Prince George's County District Court, Case No. 05-CV-24-010155. *Id.* Fennell claimed that Defendants had failed to comply with the Fair Debt Collection Practices Act, namely the Act's supposed requirement to validate an alleged debt. *See* Compl. On March 7, PCA removed the case to this Court. Notice of Removal, ECF No. 1.

---

[1] The Consumer Financial Protection Bureau, which regulates this type of debt collection, refers to these notices as *validation notices*. *See* 12 C.F.R. § 1006.34. Because this matter also concerns a validation request from Fennell, this Opinion will refer to this notice from PCA as the *Notice*.

[2] The original creditor for this debt was SoFi Bank National Association. Notice.

PCA has moved to dismiss the claims against it and against CT Company, its agent for the service of process.

## III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. It is not enough for a plaintiff to assert a legal conclusion without more; conclusions "'are not entitled to the assumption of truth.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). Although pro se litigants are entitled to special solicitude, and courts are to construe complaints by an unrepresented party "liberally," this accommodation "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Where no actionable claim is asserted, a complaint will be dismissed. *See Carey v. Throwe*, 957 F.3d 468, 479 (4th Cir. 2020) (noting a claim must fail if the law offers no remedy for the alleged violations).

## IV.   DISCUSSION

First of all, the Court takes judicial notice of the fact that Defendant CT Company is a statutory agent for the service of process. It has no liability for acts of the entity it is entrusted to receive process for. *Cf. Iqbal*, 556 U.S. at 678 (holding that a court must dismiss a claim when the complaint does not "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). It does not belong in this lawsuit. Period. The claims against it will be **DISMISSED WITH PREJUDICE.**

3

The Fair Debt Collection Practices Act aims, in part, "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must show that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013).

Assuming, without finding, that the first two elements for an FDCPA claim are present in this suit, the Court reviews the third element: namely, whether, as pleaded, PCA and CT Company have engaged in an act or omission prohibited by the FDCPA.

When a debt collector mails a consumer a notice alleging a debt, that notice must include certain information. 15 U.S.C. § 1692g(a) (requiring that the notice contain, for example, the amount of the debt, to whom it is owed, and how to dispute it).[3] If the consumer timely disputes the debt in writing, the collector must stop its attempt to collect the alleged debt. *See id.* § 1692g(b). Before resuming collection, the collector must first verify that the alleged debt is accurate. *See id.* Then it must mail that verification to the consumer. *See id.*

But as PCA points out, *not* responding to a consumer's dispute does not, alone, violate the FDCPA. Def.'s Reply in Supp. of Mot. to Dismiss 3, ECF No. 13; *see Humphrey v. Brown*, No. 09-CV-3429, 2011 WL 53081, at *3 (D. Md. Jan. 7, 2011) ("By its plain terms, the FDCPA requires only that a debt collector cease collection activity when a debt is disputed; it does not require the debt collector to take any affirmative action to cancel debt collection activity previously

---

[3] The CFPB has a model notice for alleging a debt. 12 C.F.R. § 1006.34(d)(2); CFPB, *Debt Collection Model Forms: Model Validation Notice – English* 3 (Oct. 2021), https://files.consumerfinance.gov/f/documents/cfpb_debt-collection_model-validation-notice_english.pdf. PCA's notice to Fennell appears substantially similar to the CFPB's model notice and contains the information required by the FDCPA. *Compare id.*, *and* 15 U.S.C. § 1692g(a), *with* Notice, ECF No. 12-2.

initiated."). Likewise, the FDCPA provides no cause of action when a collector does *not* respond to the consumer's dispute. *See* 15 U.S.C. § 1692g. Nor does it provide a cause of action for a collector's failure to furnish a ledger or affidavit to the consumer at the consumer's request. *See id.*

The FDCPA does require a debt collector to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . ." *Id.* But PCA submits it has done so. At this point, then, PCA appears not to have violated the FDCPA, at least under the facts alleged by Fennell. Even construing Fennell's complaint liberally, *see Weller*, 901 F.2d at 391, the Court finds that Fennell has not alleged sufficient facts "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. Perhaps he can do so, perhaps not.

## V.  CONCLUSION

Accordingly, the Court will **DISMISS WITH PREJUDICE** all claims against Defendant CT Company and will **DISMISS WITHOUT PREJUDICE** all claims against Defendant PCA. Plaintiff **SHALL HAVE** 30 days to amend his complaint to state facts and authorities stating a cause of action.

A separate Order to these effects will **ISSUE.**

November 1⁀, 2024

_____
PETER J. MESSITTE
**UNITED STATES DISTRICT JUDGE**